Gregg S. Kleiner, State Bar No. 141311
RINCON LAW LLP
268 Bush Street, Suite 3335
San Francisco, California 94104
Telephone No.: 415-996-8180
Facsimile No.: 415-680-1712
Email: gkleiner@rinconlawllp.com

Counsel for FRED HJELMESET,
Trustee in Bankruptcy

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>WEEKS STREET LLC,<br><br>    Debtor. | Case No. 07-54183 SLJ<br>Chapter 7<br>Hon. Stephen L. Johnson<br><br>**MOTION FOR ORDER AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF CLAIMS, LIENS, AND INTERESTS**<br>**(120, 122, 124 & 126 Maple Lane, East Palo Alto, CA); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:        August 23, 2017<br>Time:       2:00 p.m.<br>Place:      280 S. First Street<br>             Courtroom 3099<br>             San Jose, CA  95113 |

**TO MAPLE LANE HOMEOWNERS ASSOCIATION AND ITS AGENT FOR SERVICE OF PROCESS, PATRICIA RAINES:**

Fred Hjelmeset, Trustee in Bankruptcy ("Trustee") of the estate of Weeks Street LLC ("Debtor") will and does move the Court for an order authorizing him to sell undeveloped real property commonly known as 120, 122, 124 & 126 Maple Lane, East Palo Alto, CA ("Property") free and clear of the liens, claims and interests asserted by or on behalf of the Maple Lane Homeowners Association ("ML HOA").

As of the date of this Motion, the Trustee is in contract to sell the Property to Saurabh Bhartia or his assigns for $320,000, subject to overbid. The Trustee understand that the ML HOA asserts a secured claim and other interests against the Property which claims seek in excess of $113,250 ("HOA Claim"). In violation of the automatic stay, on September 21, 2011, the ML HOA recorded a lien against all four lots that comprise the Property ("HOA Lien"). As set forth in greater detail below, the Trustee submits that the HOA Clam and HOA Lien are in *bona fide* dispute.

Pursuant to Bankruptcy Local Rule 6004-1 and 11 U.S.C. § 363(f) (3) and (4) the Trustee seeks Bankruptcy Court authority to sell the Property free and clear of all liens, claims and interests (including, but not limited to the HOA Claim and HOA Lien) asserted by or on behalf of the ML HOA.

## I.   INTRODUCTION

The Debtor filed a Voluntary Petition under Chapter 11 of the Bankruptcy Code on December 13, 2007 ("Petition Date"). On September 28, 2015, the Bankruptcy Court converted the Debtor's case from Chapter 11 to Chapter 7 ("Conversion Date"). Soon after the Conversion Date, the Trustee was appointed to administer the Debtor's estate.

The primary secured creditor of the Debtor's estate was First National Bank of Northern California ("Bank"). Prior to the Petition Date, the Bank recorded a first priority deed of trust ("Bank Deed"). A true and correct copy of the Bank Deed, Instrument No. 2006-03822716, recorded with the San Mateo County Recorder's Office on March 16, 2006, is attached to the Trustee's Request for Judicial Notice as **Exhibit A**. The Bank Deed collateralized a promissory note executed by the Debtor in an original principal amount of approximately $6,959,375. Declaration of Dennis Miller, Counsel to First National Bank of Northern California ("Miller Declaration"), ¶2.

The Bank was providing construction financing. The Bank Deed encumbered the Development, which included the Property. *Id.* Prior to the Petition Date, the Debtor, as developer of the Property, caused to be recorded with the San Mateo County Recorder's Office the Maple Lane Declaration of Restrictions (CC&Rs). ("CC&Rs"). A true and correct copy of relevant pages of the CC&Rs, recorded with the San Mateo County Recorder on August 26, 2005, as Instrument No. 2005-148389, is attached as **Exhibit B** to the Trustee's Request for Judicial Notice.

2

More than 4 years after the Petition Date, on July 21, 2011, the ML HOA recorded a notice of delinquent assessment against the Property, in the amount of $5,561.88 per lot – the HOA Lien. A true and correct copy of the notice of delinquent assessment, Instrument No. 2011-082108 recorded in the San Mateo County Recorder's Office on July 21, 2011 is attached as **Exhibit C** to the Trustee's Request for Judicial Notice.

On or about September 7, 2016, the Bank conducted a non-judicial foreclosure under its of its Bank Deed through its agent, T.D. Service Company. Miller Declaration, ¶ 3. At the time that the foreclosure occurred, the only lots subject to the Bank's lien at the Development was the Property. There were no bidders at the foreclosure sale and the Property was acquired by the Bank on a credit bid. *Id.*

On September 23, 2016, following the Bank's foreclosure sale, the Bank conveyed title to the Property to Fred Hjelmeset, solely in his capacity as the Trustee of the Debtor's estate. Title was transferred to the estate via a "Trustee's Deed Upon Sale" ("Trustee Deed"). A true and correct copy of the Trustee Deed, Instrument No. 2016-097696, recorded in the San Mateo County Recorder's Office on September 23, 2016 is attached as **Exhibit D** to the Trustee's Request for Judicial Notice.

The Trustee understand that the ML HOA asserts a secured claim and other interests against the Property which claims seek in excess of $113,250 ("HOA Claim"). The Trustee further understands that (i) the monthly assessment for each of the 4 lots that comprise the Property is approximately $115.16 and (ii) late assessments are charged a fee of 10% and interest at 12% per annum. Declaration of Fred Hjelmeset in Support of Free and Clear Sale of Property, ¶4.

The Trustee disputes the HOA Lien and HOA Claim. Through this motion, the Trustee seeks to sell the Property free and clear of the HOA Lien, the HOA Claim and any and all other claims or interests that the ML HOA may assert against the Property. The Trustee submits that the HOA Lien and the HOA Claim are in *bona fide* dispute and the Trustee should be authorized to sell the estate's right, title, and interest in the Property free and clear of the HOA Claim and the HOA Lien, pursuant to 11 U.S.C. § 363(f)(4). Alternatively, the Trustee seeks authority to sell the Property, free and clear of the HOA Claim and the HOA Lien, because the price at which the Property is being sold is greater than the aggregate value of all liens against the Property.

## II. ARGUMENT

**A. PRE-FORECLOSURE CLAIMS OF THE ML HOA ARE NOT ENFORCEABLE**

Section 363(f)(4) of the Bankruptcy Code authorizes a trustee to sell property free and clear of liens and interests that are the subject of a *bona fide* dispute. 11 U.S.C. § 363(f)(4). The Trustee contends that any claim or lien asserted by the ML HOA that arose before the September 23, 2016 transfer of the Property to the Trustee following the foreclosure are disputed and not enforceable against the Property or the estate pursuant to the express provisions of the CC&Rs.

The CC&Rs contain the governing documents for the HOA. Article 6.1 of the CC&Rs provides, in part, as follows:

> No owner shall be liable for any defaults of the Owners predecessor in interest in the payment of any assessment that has accrued prior to the Owner taking title to the property unless that Owner expressly assumes the obligation to cure the delinquent assessments. Notwithstanding the foregoing, any Owner who takes title to a Lot on which a lien for a delinquent assessment has been established will take title subject to the lien and the Associations enforcement remedies as a result thereof ***unless the Owner takes title under a foreclosure or trustee's sale resulting from a foreclosure or exercise of a power of sale under a Mortgage, deed of trust, or other lien recorded before the recordation of the notice of delinquent assessment***.

Request for Judicial Notice, **Exhibit B**, emphasis supplied, hereinafter, "Article 6.1".

Because of the provisions of Article 6.1, the Trustee submits that any claim or lien asserted by the ML HOA for the period prior to September 23, 2016 is disputed and is not enforceable against the Property or the estate because the Debtor acquired its interest in the Property following a foreclosure sale.

It is without dispute that the Bank Deed was recorded on March 16, 2006, more than 5 years prior to the HOA Lien. Request for Judicial Notice, **Exhibits A and C**. The estate acquired the Property through the Trustee Deed, following the Bank's foreclosure. Request for Judicial Notice, **Exhibit D**. Pursuant to the express language of Article 6.1, notwithstanding the existence of a "delinquent assessment" (the HOA Lien),[1] the estate is not responsible for any ML HOA liens or

---

[1] In setting forth this argument, the Trustee in no way validates the HOA Lien, which was recorded post-petition in violation of the automatic stay and is void. 11 U.S.C Section 362(a)(4). Liens recorded in violation of the automatic stay and are void. *In re Schwartz*, 954 F. 2d 569, 571 (9th Cir. 1992) ("Our decision today clarifies this area of the law by making clear that violations of the automatic stay are void, not voidable.")

assessments that arose prior to September 23, 2016, the date the Trustee Deed was recorded. This is because the estate secured title to the Property as a result of a foreclosure sale by the holder of a "…lien recorded before the recordation of the notice of delinquent assessment lien" (the Bank Deed). Request for Judicial Notice, **Exhibit B**.

Based on information presently available to the Trustee, it appears that the ML HOA has a claim for HOA assessments against the Property for a portion of September 2016 (7 days) through the date of closing – estimated to be September 15, 2017 equal to approximately (i) $115.16 per lot per month ($5,527), (ii) plus late fees ($552.76), and (iii) plus interest at 12% per annum. Hjelmeset Declaration ¶ 5.

**B. THE TRUSTEE MAY SELL THE PROPERTY FREE AND CLEAR OF ALL ML HOA CLAIMS AND INTERESTS BECAUSE THE SALE PROCEEDS WILL EXCEED THE AGGREGATE LIENS ASSERTED AGAINST THE PROPERTY**

In the event that the Court determines that the HOA Claims and the HOA Lien to be enforceable against the Property, the Trustee estimates that the net sale proceeds are sufficient to pay off the HOA Claims, in full. After payment of liens, real estate taxes, other taxes, costs, and commissions, the Trustee estimates that the estate will receive approximately $160,000 in net proceeds if the HOA Claims and HOA Liens are invalid. If, however, the estate's obligation to the ML HOA is $113,300, the estate will receive estimated net proceeds of approximately $55,000. Hjelmeset Declaration ¶ 5. Because the net sale proceeds are adequate to pay off the disputed HOA Claims and the HOA Lien, the Property can be sold free and clear of the HOA Claims and the HOA Lien pursuant to 11 U.S.C. § 363(f)(3). *Id.* That section provides that a trustee may sell property free and clear of liens if "such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property." 11 U.S.C. § 363(f)(3).

### III. CONCLUSION

The Trustee has demonstrated that the claims asserted by the ML HOA are in bona fide dispute and that the Trustee should be authorized to sell the Property free and clear of the HOA Claims and the HOA Lien pursuant to 11 U.S.C. § 363(f)(4). Alternatively, the Trustee has demonstrated that there will be adequate sale proceeds to pay off the disputed HOA Claim and the HOA Lien, should the Court ultimately conclude that the claims that arose prior to September 23,

2016 are an obligation of the Debtor's estate. 11 U.S.C. § 363(f)(3).

The Trustee prays for an order: (i) authorizing him to sell the Property free and clear of any liens, claims, or interests of the ML HOA, with the sale order to provide that any such liens, claims, or interest of the ML HOA shall attach to the sale proceeds generated from the sale of the Property with the same right and priority that existed, if any, prior to the sale of the Property; (ii) authorizing the Trustee and representatives of the ML HOA to try to resolve their dispute with regard to the HOA Claims and the HOA Lien within 90 days after the sale of the Property closes (or such additional time as the parties mutually agree); and (iii) requiring the Trustee to initiate an adversary proceeding in the Bankruptcy Court to determine the extent, validity, and priority, if any, of the HOA Claims and the HOA Lien.

DATED: July 20, 2017        RINCON LAW LLP

By: *Gregg S. Kleiner*
    GREGG S. KLEINER
    Counsel for FRED HJELMESET,
    Trustee in Bankruptcy